The next case on the calendar is Wiercinski v. Mangia 57. Good morning, Your Honor. My name is Adam Wiercinski, and I am a plaintiff and a winning party by the jury, and now the pro se appellant in this matter, Adam Wiercinski v. Mangia 57. I appeal from the district court decision denying me to reopen the case for a new trial, even though it was requested by the defendant after the trial and granted by district judge. And please note that in the previous case, and you, Your Honor, you were on a panel, my attorneys, I wasn't aware because I trusted my attorneys, so I didn't even know until I fired them and looked at the brief. They requested at that time that the punitive damages in the amount of $900,000 should be left undisturbed. They specifically underlined that the judge abused his discretion, and I couldn't agree more, granting a defendant a new trial solely on punitive damages. They underlined in that brief that such a new trial was not warranted. And also, the court, the judge abused his discretion throughout the trial by acting as a trier in a matter of fact in place of six independent members of the jury. I demanded the jury trial, not the bench trial. If it was the bench trial, then we have an argument, but it was a jury trial, and judge abused the federal rule of the civil proceedings, procedures, Rule 50B, categorically does not allow judge to act as a trier. Excuse me, sir. Isn't this exactly the argument that was before this court once before? And this court approved what the district court did, and it was this court that then decided that a judgment should be entered without the $900,000 in punitive damages. This court decided that, right? Yes, but— So you're saying that that panel was wrong, and we should go back and revisit that? Yes, and allow me to lose this case on my own, Your Honor. We have a case that has been going on for 10 years. I'm the winning party, turning a loser on a run, and $43,000 of my money spent, and I don't have any money. I explained it in my brief how I got the possession of the money. It was a—I was on a case against the same defendant and allowed the settlement, my portion of settlement, to transfer to another attorney. And you have the losing party, the defendant, turn winner, but without getting paid. You know, I request a new trial because I want to lose this on my own as far as punitive damages. I believe that the jury, not judges, must determine whether the victim of the abuse and plaintiff should get punitive damages and how much, if anything at all. And then, upon receiving such a verdict, if any, or judgment, somebody has to move for their legal fees for which they will be entitled. I strongly believe that. That's why I asked— But you understand also that this court already decided this very matter against you, right? I mean, this is exactly the issue that was raised in the prior appeal, is it not? That your lawyers on that occasion argued precisely that, that the jury's verdict should be allowed to stand because it was proper for the jury to determine punitive damages, and this court decided that against you. So, generally, under our rules, if you want that re-argued, you make a motion to re-hearing back at the time, but once that judgment is final, it's final. And I don't think that this court has any— this panel has any authority to go back and undo what a previous panel did. Otherwise, cases would go on forever because I take it the next thing that would happen is your adversary would go back to the district court and say, no, we don't want to have a new trial. And when the judge said, well, the Court of Appeals told me to have a new trial, he'd appeal and get another panel. And we'd be hearing the same thing again. I mean, that's how it works. According to Rule 50B in civil proceedings, in ruling on the renewal motion, the court may order a new trial. This is according to the law. So, I'm not asking something that should be against the ruling, against the law. I understand. So, I think we have your argument, and I understand that you're asking us to look at the question, the district court, you say, granted a new trial, and the district court did grant a conditional new trial in the event the judgment of the first trial was not upheld by this panel. We'll look at that and see if it's determined by the prior panel's decision or if we have any authority left after that panel's decision. I appreciate it. Thank you. Thank you for your argument this morning. That's the last case on the calendar to be argued today, so I'll ask that the clerk adjourn court. Court is adjourned.